HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK W PIRONE, et al.,

      Plaintiffs,

  v.

MILA, INC., et al.,

      Defendants.

CASE NO. C16-5462-RBL

ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss, with prejudice and without leave to amend. [Dkt. #9] Pirone[1] seeks quiet title to his residence, based on the somewhat novel claim that the limitations period on his 2006 promissory note has expired, because he breached it in 2009. He claims that his lender and loan servicer[2] first notified him of his default in April 2009, and that none of them have taken any action to enforce their contractual rights since. [Dkt. #1-1 at 5]

---

[1] There are two plaintiffs, but their claims and interests are the same. They are referenced as "Pirone" for clarity. No disrespect is intended.

[2] The defendants are the current "players" in the loan, including Aurora Loan Services, Nationstar, and Deutsche Bank. As is often the case, some or all of them are successors to the entities involved at the time the loan was made. They are referenced simply as "defendants" for clarity.

ORDER GRANTING MOTION TO DISMISS - 1

Defendants argue that a notice of default does not trigger the limitations period, and that even if it did, the period was tolled during the foreclosure proceeding, and by Plaintiff's bankruptcy—together, they claim, these events would extend the six year limitations period well into 2017.

But the gist of their claim is that the limitations period on a Note does not begin to run—a claim to enforce it does not accrue—until the note either matures by its terms, or is accelerated by the creditor. They claim that neither occurred in this case as a matter of law. They ask the Court to take Judicial Notice of documents supporting that position. [Dkt. #10]

Pirone claims that the Motion is in fact one for summary judgment, and asks the Court not to take judicial notice of "unauthenticated" documents. He does not, however, address the merits of the Motion, or even argue that the limitations period has run on the Note. He does not address the accrual date, or the fact that even if the personal obligation was discharged in bankruptcy, the security interest remains.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds'

of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Defendants filed a notice of supplemental authority [Dkt. #13] to *Edmundson v. Bank of America, N.A.*, No. 740116-4-I (Court of Appeals Division I, July 11, 2016). *Edumndson* held that it was "well settled" that the discharge of personal liability (the Note) in bankruptcy does not affect the creditor's ability to foreclose on its security (the Deed of Trust):

> Nothing in the Deeds of Trust Act supports the conclusion that the lien of a deed of trust on real property is discharged under state law when the note or other secured obligation is no longer enforceable.

*Id*. at 10. It also rejected the borrower's claim that the limitations period had run on the Note, because it was not a demand note, and there was no evidence (and here there is no claim) that the note was matured or accelerated. *Id*. at 16.

Pirone's claim that Defendants' Motion relies on matters outside the record is wrong, or irrelevant. First, the concepts of maturity, acceleration, accrual, tolling and discharge are legal

issues, not factual questions. But more importantly, the Note and Deed of Trust (and related documents) are plainly referenced in the Complaint, and courts routinely take judicial notice of them in these types of cases. The request for Judicial Notice [Dkt. #10] is **GRANTED**.

Pirone's claim that the limitations period on his (installment) Promissory Note has run, and that the consequence is that title to the property should be quieted in him, is not plausible. He has not pled (and cannot plead) that the Note matured or was accelerated, or that the limitations period was not tolled by the foreclosure proceedings or his bankruptcy. Thus, even if his accrual argument were correct, his claim that the limitations period has run is not. He has not plausibly pled that the Deed of Trust was or should be extinguished, or that fee title to the property should be quieted in him. The Motion to Dismiss [Dkt. #9] is **GRANTED**.

Because Pirone cannot plead additional or different facts that would make his claim plausible, the dismissal is with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 1st day of September, 2016.

Ronald B. Leighton
United States District Judge